**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**DWAYNE J. NORTON,**

     **Plaintiff,**

**vs.**                                     **Case No. 4:07cv490-MMP/WCS**

**WILLIAM McCOOL,**

     **Defendant.**

_____/


**REPORT AND RECOMMENDATION**

Plaintiff has submitted a petition for a writ of mandamus, doc. 1, seeking to compel the Defendant to reinstate an appeal, a motion for extension of time, issue process, and serve his case, among other requests for relief.  Plaintiff is an inmate incarcerated within the custody of the Florida Department of Corrections, currently confined at Florida State Prison in Raiford, Florida.  Plaintiff also submitted a motion seeking leave to proceed *in forma pauperis.*  Doc. 2.

Plaintiff has previously filed several civil rights cases in this district.  Plaintiff does not disclose within his "petition" that he filed those cases, nor does he mention that his cases were dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and count as "strikes" under § 1915(g).  Plaintiff is not entitled to proceed without full, prepayment of the filing fee for any civil case filed in the federal courts.

Case 4:05cv104-MP was dismissed on January 4, 2006, for failure to state a claim.  Plaintiff attempted to file a petition for writ of mandamus in case 4:05cv166-WS, dismissed as frivolous on July 22, 2005.  Plaintiff's appeal of that dismissal and the subsequent dismissal of the appeal as frivolous also counts as a strike.  Plaintiff also filed another civil rights case, number 4:05cv261-RH, which was similarly dismissed by for failure to state a claim and because the claims were brought against a defendant who is immune from monetary relief.  Plaintiff also initiated case 5:05cv176-SPM in this Court and, although he was initially granted *in forma pauperis* status, Plaintiff submitted an amended complaint and acknowledged nine other cases from the Middle District that were dismissed as either frivolous or for failing to state a claim.  Thus, the order granting Plaintiff *in forma pauperis* status was vacated and the case dismissed pursuant to 28 U.S.C. § 1915(g).  Docs. 8, 13.  Plaintiff has had a plethora of cases which count as "strikes" and he is not permitted to proceed without full prepayment of the filing fee.  Plaintiff is well aware of that fact.[1]  Plaintiff has previously been found to have been attempting to circumvent acknowledgment of his prior § 1915 dismissals.  *See* case 4:06cv40-RH/WCS, doc. 5.  Plaintiff's actions in submitting this case are in bad faith.

Pursuant to 28 U.S.C. § 1915(g), Plaintiff is not entitled to proceed *in forma pauperis* in federal court and his *in forma pauperis* motion, doc. 2, must be denied.  Plaintiff does not allege he is under imminent danger of serious physical injury and, indeed, the allegations in this petition for writ of mandamus do not bring Plaintiff within

---

[1]  Considering the dismissals in this Court, as well as the dismissals from the Middle District, Plaintiff has had *at least* fifteen dismissals under 28 U.S.C. § 1915(e).

the "imminent danger" exception to the three "strikes" bar of § 1915(g).  This case must be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that this action be **DISMISSED** because Plaintiff is not entitled to proceed *in forma pauperis* under § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on November 29, 2007.


 s/       William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**